# SUPREME COURT.

## SLATER agt. MEAD *et al.*

*Jury — Verdict, when will be set aside.*

The jury retired to consider their verdict, and after being absent for a *long time* returned into court and reported that they were unable to agree, and thereupon they were further instructed by the court, and in closing the instructions the court stated to them as follows: " You must agree upon a verdict; I cannot discharge you until you agree upon a verdict." The jury retired and very soon returned into court and rendered their verdict of "no cause of action: "

*Held,* that this verdict cannot be said to be the judgment of the jury acting without constraint and in the discharge of their obligations to render a true verdict according to the evidence, and, therefore, ought not to stand.

The proper mode of redress in such case is by motion to set aside the verdict.

*Wyoming Special Term, December,* 1876.

MOTION to set aside verdict. The action was tried at the Wyoming circuit, September, 1876, and a verdict of no cause of action was rendered.

The grounds upon which this motion is made appear in the opinion.

*A. J. Lorish,* for motion.

*D. B. Backenstoer,* opposed.

HENDERSON, *J.* — Excluding from consideration the affidavits of the jurymen read upon 'the hearing, it appears from

the other affidavits read that the jury retired to consider their verdict and were absent a "long time," when they returned into court and reported that they were unable to agree, and thereupon they were further instructed by the court, and in closing the instructions the court stated to them as follows : " You must agree upon a verdict; I cannot discharge you until you agree upon a verdict." The jury then retired and very soon returned into court and rendered their verdict of no cause of action.

This motion is now made to set aside the verdict on the ground that the foregoing language used by the court to the jury was improper to be addressed to them, as tending to constrain them in their deliberations, and to bring about an agreement from other motives than such as arise from an unbiased consideration of the evidence.

In *Green* agt. *Telfair* (11 *How.*, 260), justice HARRIS says, in reference to language addressed by the court to the jury very similar to that complained of in this case : " A judge has no right to threaten or intimidate a jury in order to affect their deliberations ; I think he has no right even to allude to his own purposes, as to the length of time they are to be kept together. There should be nothing in his intercourse with the jury having the least appearance of duress or coercion. The jury, while all proper motives to induce them to agree upon a common result may be repeatedly and earnestly urged upon them, should be left to feel that they act with entire freedom in their deliberations ; that, should they continue to disagree, they are not to be exposed to unreasonable inconvenience, nor to receive the animadversion of the court."

The jury, in the case under consideration, had spent a long time in deliberating upon their verdict when they returned into court, and were told by the judge that they could not be discharged until they agreed upon a verdict ; the jury again retired and very soon returned and rendered their verdict of no cause of action. These remarks of the justice presiding at the trial were such as would, very probably, induce the

jury to come to an agreement from a desire to escape longer confinement. No matter how conscientious the individual juryman may have been in the consideration of the evidence and in his convictions arising therefrom, he was not to be discharged until he should come to an agreement with his associates. After having been so instructed by the court, an almost immediate agreement by the jury upon a verdict followed. This verdict cannot be said to be the judgment of the jury, acting without constraint and in the discharge of their obligations to render a true verdict according to the evidence, and therefore it ought not to stand.

The proper mode of redress is by motion to set aside the verdict (*Caldwell* agt. *New Jersey Steamboat Co.*, 47 *N. Y.*, 282).

Let an order be entered setting aside the verdict.